# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ROSA ANN HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:18-cv-00101-WCL-SLC |
| | ) |
| COMMUNITY HEALTH SYSTEMS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Before the Court in this employment discrimination case is *pro se* Plaintiff Rosa Ann Harris's motion (DE 3) requesting that the Court appoint counsel to represent her, together with a document titled, "Plaintiff's Response to Pre-Trial Conference," which includes a recitation of Harris's efforts to retain counsel (DE 20). As Harris explained at the preliminary pretrial conference on June 20, 2018, she is requesting that the Court recruit an attorney for her because she cannot afford one.

### *A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit Court of Appeals has instructed that the following factors should be weighed by the district court when determining whether appointment of

counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself.[1] *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 674-75 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-01 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [herself]." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

---

[1] The Court previously granted Harris's motion to proceed *in forma pauperis*. (DE 5). "[P]roceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a prerequisite to appointment of counsel under 1915." *Hairston v. Blackburn*, No. 09-cv-598, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010).

*B. Analysis*

Harris states that she has contacted at least five attorneys, but none have taken her case. (DE 20 at 1); *see, e.g.*, *Jackson v*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016) (requiring a *pro se* plaintiff to contact at least three attorneys to qualify for court-appointed counsel under § 1915(d)). Thus, although Harris has satisfied the threshold element of a request for counsel, at least five attorneys have chosen to pass up the opportunity to represent her. This circumstance speaks rather directly to the merits of Harris's case and raises a fair inference that these attorneys did not view her case as meritorious. *See Jackson*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Moving on to the second portion of the inquiry, this suit is a relatively straightforward employment discrimination action: Harris alleges that she was employed by Defendants, and was wrongfully terminated because of her age, and because she has a disability. (DE 1); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Harris has already adequately articulated her claims in a lengthy complaint (DE 1); participated in a Rule 16 preliminary pretrial conference (DE 19); filed a document in response to the preliminary pretrial conference that also explains her efforts to obtain counsel (DE 20; *see*

*also* DE 3); and she has read the Court's pamphlet regarding alternative dispute resolution (DE 23).  At the same time, Harris claims that she does not understand the Rule 26(f) planning report (DE 20), and she claimed at the preliminary pretrial conference that she did not understand the process of discovery (DE 19).

The Seventh Circuit has not articulated "categorical rules regarding the recruitment of counsel," but it has "held that a district court abuses its discretion when it does not take note of certain circumstances [that] demand particular judicial consideration."  *McCaa v. Hamilton*, No. 16-4209, 2018 WL 3134606, at *3 (7th Cir. June 27, 2018) (alteration in original) (citations and internal quotation marks omitted); *see James v. Eli*, 889 F.3d 320, 327 (7th Cir. 2018).  Here, although Harris has encountered difficulty in understanding some pretrial procedures, the circumstances of her case do not warrant recruitment of counsel.  *See McCaa*, 2018 WL 3134606, at *3; *James*, 889 F.3d at 327.  This case is at the pleading stage, and discovery has just begun.  It is evident from Harris's filings that she is assertive and possesses adequate communication skills, certainly at a sufficient level to proceed *pro se* at this stage of the case. *Cf. McCaa*, 2018 WL 3134606, at *3-4 (concluding that the district court had abused its discretion in failing to appoint counsel where the plaintiff indicated that he had serious mental illness, a fifth-grade reading level, extremely limited access to research and factual materials as an inmate who had transferred prisons, and where the complexity of the plaintiff's deliberate indifference claims had increased as the case advanced to a more sophisticated stage of litigation); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters).

Additionally, although Harris alleges that she is disabled due to limited vision and

4

cataract surgery in her right eye (DE 1 at 2), the disability does not appear to have affected her ability to litigate her case. Furthermore, Harris worked as a patient accounting representative for over 19 years (*see* DE 1 at 6), indicating that her literacy and mental capacity levels are sufficient to proceed *pro se* at this early phase, *cf. McCaa*, 2018 WL 3134606, at *4 (concluding that the district court erred by not appropriately considering that the incarcerated plaintiff's mental capacity required him to obtain assistance from another inmate); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). Indeed, at the preliminary pretrial conference, Harris was able to articulate the events leading up to her filing this case, the claims that she is advancing, and the relief that she seeks. Also, Harris is not incarcerated and thus has the freedom and ability to perform her own research.

### C. Conclusion

In sum, Harris appears to be competent and fully capable of representing herself in this suit, at least at this stage of the case. *See Zarnes*, 64 F.3d at 289. Consequently, Harris's request for court-appointed counsel (DE 3; DE 20) is DENIED. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

SO ORDERED. Entered this 9th day of July 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

5